FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2007 MAY 25 PM 4: 31

CLERK_____
SO. DIST. OF GA.

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF GEORGIA

### SAVANNAH DIVISION

EARL C. PINCKNEY,                    )
                                     )
    Petitioner,                 )
                                     )
v.                                   )    Case No.  CV407-052
                                     )    [underlying CR499-062]
                                     )
UNITED STATES OF AMERICA,            )
                                     )
    Respondent.                 )


## REPORT AND RECOMMENDATION

Petitioner has filed for relief pursuant to 28 U.S.C. § 2241, urging that he is actually innocent of his underlying conviction in this Court. Doc. 1. Because petitioner has not shown that § 2255 is an inadequate or ineffective remedy, the Court finds that his petition should be considered as a successive § 2255 motion. For the following reasons, the motion should be DISMISSED.


## I.    BACKGROUND

Petitioner pleaded guilty to an information charging him with one

count of distribution of crack cocaine in violation of 21 U.S.C. § 841(a)(1).[1] CR499-062, docs. 1, 5. On June 16, 1999, this Court sentenced petitioner to 240 months' imprisonment. Id. at doc. 5. The Eleventh Circuit affirmed his conviction and sentence on August 10, 2000. Id. at doc. 19. On December 11, 2000, petitioner filed a motion pursuant to 28 U.S.C. § 2255, which the Court denied on the merits. CV400-314 at docs. 1, 8, 10. On September 20, 2004, petitioner filed a motion for correction of sentence, which the Court construed as a § 2255 motion and dismissed as successive. Id. at docs. 27, 28, 33. On February 17, 2006, petitioner filed a motion to vacate and correct his sentence pursuant to the "savings clause" of § 2255, which the Court denied on the merits. Id. at docs. 43, 44.

On May 3, 2007, petitioner filed the instant petition pursuant to 28 U.S.C. § 2241. Doc. 1. Petitioner asserts that he is actually innocent because the Court erred in (1) improperly enhancing his sentence using a prior state conviction that was obtained without assistance of counsel; (2) failing to inform him of the actual drug type and quantity prior to his sentencing; and (3) failing to reduce his offense level from 34 to 31. Id.

---

[1] Petitioner waived prosecution by indictment and consented that the proceeding may be by information. CR499-062, doc. 3.

## II.  Analysis

Petitioner asserts that he is entitled to proceed under 28 U.S.C. § 2241 because of his "actual innocence."  Doc. 1.  He further alleges that actual innocence claims must be brought pursuant to § 2241, "[t]hereby rendering section 28 U.S.C. § 2255 inadequate and ineffective to test the legality of detention."  Id.  Ordinarily, a collateral attack upon a federal sentence must be brought pursuant to 28 U.S.C. § 2255.  An exception to this general rule allows a prisoner to file a § 2241 petition if he can show that the remedy provided for under § 2255 is "inadequate or ineffective to test the legality of [the prisoner's] detention." 28 U.S.C. § 2255.  Unless petitioner can establish the inadequacy or ineffectiveness of the § 2255 remedy, and thus invoke the savings clause, the petition must be classified as a § 2255 motion.  The Eleventh Circuit has held that the savings clause applies when:

> (1) a claim is based upon a retroactively applicable Supreme Court decision; (2) the holding of that Supreme Court decision establishes the petitioner was convicted for an offense that is now nonexistent; and (3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the trial, appeal, or first § 2255 motion.

Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003) (citing Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999)).

Here, petitioner cites to Apprendi v. New Jersey, 530 U.S. 466 (2000), Blakley v. Washington, 542 U.S. 296 (2004), and United States v. Booker, 543 U.S. 220 (2005) in support of his claim that his sentence is invalid because he was not advised by the court, either through the information or otherwise, of the type and quantity of drugs that were used to calculate his sentence. Doc. 1. Petitioner raised this claim in his original § 2255 motion, and the Court held that Apprendi does not stand for the proposition that a defendant has the right to be informed of specific drug quantities to be considered at sentencing prior to entering a guilty plea. See CV400-314, doc. 8. Furthermore, nothing in Blakley or Booker can be fairly read to dictate a different result. Petitioner, therefore, has not satisfied the first element of the savings clause. Nor has petitioner satisfied the other elements of the savings clause test. Petitioner has failed to demonstrate that the remedy provided for under § 2255 is in any way inadequate or ineffective; therefore, petitioner's claims do not fall within the savings clause of § 2255.

Because the present motion is a §2255 motion in disguise, and is thus successive, the Court will not consider the motion without authorization from the Eleventh Circuit. According to the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, Stat. 1214, "before a second or successive application permitted by [§ 2255] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); see 28 U.S.C. § 2255 (cross-referencing § 2244 certification requirement).

The Seventh Circuit has held that this provision "is an allocation of subject-matter jurisdiction to the court of appeals. A district court must dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing." Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996) (emphasis in original). The Eleventh Circuit has reached the same result. Hill v. Hopper, 112 F.3d 1088, 1089 (11th Cir. 1997) (finding district court lacked jurisdiction to consider second § 2254 petition); In re Medina, 109 F.3d 1556 (11th Cir. 1997) (holding district court properly denied successive petition

because movant neglected to obtain certificate from federal appellate court authorizing consideration of motion).

Accordingly, the Court recommends that the instant petition be construed as a motion made pursuant to 28 U.S.C. § 2255 and that it be DISMISSED as successive.[2]

**SO REPORTED AND RECOMMENDED this** 25th **day of May, 2007.**

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[2] Petitioner has also requested an evidentiary hearing. Doc. 1. This request is denied.